STOKER, Judge.
Allen Ellender Chance appeals the ten-year sentence imposed after his conviction of forgery under LSA-R.S. 14:72.
The State originally charged Chance with five counts of forgery, but four were dropped pursuant to a plea bargain arrangement in which Chance agreed to plead guilty to the remaining charge. The State recommended a five-year sentence. However, after considering a presentence report on Chance, the judge sentenced him to ten years at hard labor, the maximum sentence for forgery.
Chance assigns as error the trial court’s failure to properly apply the sentencing guidelines found in LSA-C.Cr.P. art. 894.1, the failure to state the required basis for the sentence, and the excessiveness of that sentence. We find his arguments to be without merit, and we affirm the sentence imposed.
In support of the sentence, the trial judge made the following comments:
“The pre-sentence report in this case shows that Mr. Chance is a sixth felony offender.
*1286 “And as support for the sentence that I am going to impose, I would simply refer to the pre-sentence report that was prepared and filed in this case.
“I think that pre-sentence investigation alone and this man’s prior history of continued involvement with the law, his violations of probation, his escapes, et cetera, et cetera, support the imposition of the maximum sentence in this case.”
These brief comments do not in themselves permit us to make a proper sentence review. The record must reflect adequate consideration of the sentencing guidelines found in LSA-C.Cr.P. art. 894.1. However, a sentence need not be set aside due to the trial court’s failure to comply with that article, if the record clearly illumines the sentencing choice and demonstrates that the sentence is not arbitrary or excessive. State v. Jett, 419 So.2d 844 (La.1982).
The presentence report has been included as part of the record in this case as permitted by LSA-C.Cr.P. art. 877(c), since the defendant contests the excessiveness of his sentence. It reveals a long string of arrests for forgery, six of which resulted in convictions. Chance has also been convicted of theft and DWI. Additionally, he has been convicted of escape while serving his previous sentences, and his parole has been revoked due to felonies committed during their terms. It appears that Chance has learned nothing from his past encounters with the legal system.
As mitigation, Chance claims to be in poor health. The presentence report concludes that he greatly exaggerates his complaints, and that most of his problems are related to his drinking. He has been uncooperative in efforts to treat him for substance abuse.
The record here supports, and perhaps compels, the imposition of the maximum sentence. We affirm the decision of the trial judge.
AFFIRMED.